In re WOODMAN.

(District Court, D. Massachusetts. November 12, 1910.)

No. 15,897.

BANKRUPTCY (§ 140*)—RECLAIMING GOODS—OWNERSHIP.

Petitioner, a manufacturer of biscuit, sold them to the bankrupt in tin cans, costing about 54 cents each and bearing petitioner's advertising matter, so that no one else could use them to contain food products without violating the laws of the United States; petitioner having the exclusive right to sell them under its patent. There was no written contract between petitioner and the bankrupt as to the ownership of the cans; but it was petitioner's practice to charge the bankrupt 50 cents for each can delivered, and to credit him with 50 cents for each empty can returned. Held, that such charge would be regarded as a mere deposit to insure the return of the cans, and that no title thereto passed to the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of bankruptcy proceedings of Frank W. Woodman. On petition to review a referee's order denying the petition of the National Biscuit Company to reclaim certain biscuit containers. Overruled and petition allowed.

Hutchins & Wheeler and Lincoln Bryant, for National Biscuit Co. Bernard Berenson, trustee, pro se.

DODGE, District Judge. At the time of his bankruptcy, the bankrupt, a grocer in Chelsea, had in his possession 31 tin cans, made by the National Biscuit Company to contain biscuit sold by them, stamped with their name, and constructed according to a pattern belonging to them. The Biscuit Company had for 10 years been supplying him with biscuit in similar cans upon his order. The practice was to charge them against him at 50 cents each, and to credit him with 50 cents for every one returned empty. The Biscuit Company demanded them from the receiver (to whom the trustee has since succeeded), and later brought this petition to reclaim them. It has proved a claim against the bankrupt, in which no charge for these cans has been included.

I think the course of dealing between the parties with regard to cans, as disclosed, by the evidence, shows that both parties had always regarded the cans as the Biscuit Company's property. The bankrupt's testimony is to that effect, as is that of the salesman and manager called by the petitioner. The evidence seems to me to warrant the conclusion that the charge or credit of 50 cents was regarded by both parties, not as the purchase price of the cans, but as a deposit to insure their return. It appears that no one else could use them for containing food products without violating the laws of the United States; also that, while their original cost was about 54 cents, they wore out and became useless, on the average, in the course of three or four trips. That nothing in writing ever passed between the parties to the effect that the petitioner was to retain its property in the cans does not seem to me enough to require a different conclusion. The bankrupt, so far as appears, had never undertaken to sell any of the cans to other parties, and I find no indication that any such resale by him was contemplated, or any other disposition of them by him than their return when empty. That the Biscuit Company had the exclusive right to sell them under its patent renders it less easy to suppose that such a transfer was intended as would leave the bankrupt free to sell them as he might choose. I am therefore unable to hold that the property in them passed to the bankrupt, even upon the terms that he might, at his option, return them or retain them as his property.

I must therefore overrule the dismissal of the petition to reclaim, and direct that it be allowed.